Gaston, Judge.
Upon examination of the record in this case, we are of opinion that we cannot take jurisdiction of it. Appeals to this Court from judgments in the Superior Courts,are of two kinds. Appeals may be allowed from an j final judgment, sentence or decree of the Superior Court; and in every case of such appeal, the Supreme Court may render such sentence, judgment or decree as, on the inspection of the whole record, it shall appear to them ought in law to be ren- *272 tiered thereon, and may cause the same to be enforced and executed by any proper process.' It is also in the discretion of the Judges of the Superior Courts to allow an appeal to the Supreme Court from any interlocutory order, judgment or decree, at the motion of the party supposing himself aggrieved thereby, upon such terms as they shall deem it just and equitable to prescribe; and when such appeal shall be allowed, the Judge allowing the same shall direct so much only of the record and proceedings in the cause to be certified to the Supreme Court, as he shall think necessary to present the question or matter arising upon such appeal fully to be considered by the Court. ’ In appeals of this kind, the record of the cause still remains in the Superior Court, and the Supreme Court cannot enter any judgment reversing, affirming or modifying the order, judgment or decree appealed from; but has authority only to cause its opinion to be certified to the Superior Court, with instructions how to proceed upon the subject matter of the appeal. See 1 Rev. St. ch. 4, sect. 22, 23, 28; ch. 33, sect. 11.
The record transmitted to us purports to be the record of the cause. It contains the pleadings, the issues and the finding of the jury thereon. It sets forth a case in the nature of a bill of exceptions, shewing the legal matters urged by the defendant on the trial of the issue, and the instructions prayed in' relation thereto, the refusal of the court to give such instructions, and the exceptions of defendants to that refusal. It further shews, that a motion for a new trial was made by the defendants, and that this motion was over-ruled; that a judgment was thereupon rendered that the plaintiff do recover of the defendants the sum of eighty-four dollars and fifty cents with interest on $50, from the 30th of April, 1839, until paid and costs; and that defendants being, dissatisfied with said judgment, prayed an appeal to the Supreme Court, which was granted. Thus far the judgment has every quality of a final judgment, and none whatever of an interlocutory judgment. The appeal is taken as of right to remove the entire record into this Court for affirmance, reversal or correction according to law' — and is not at all in the nature of a consultative appeal directed by the court below, at the re *273 quest of one of the parties, but still in the exercise of its discretion, to obtain the advice of this Court upon the decision of some plea, or in regard to some default or other proceeding which does not determine the suit, and of the propriety which decision the Court below doubts. If we have cognizance of the cause, it is of the whole cause as of one brought up by appeal from a final sentence. But the record shews that however final this judgment may profess to be, it has in truth been suspended in its operation by the Court which rendered it — and therefore cannot be viewed by us as one final in its nature. The record shews, that at the very term wherein the judgment purports to have been rendered, a rule was obtained by defendants upon the plaintiff to shew cause wherefore the taxed fees of certain witnesses of the plaintiff should not be excluded from the costs to be recovered by the plaintiff, and that this rule was £: continued over to the next term of the Court for hearing.”
The cause therefore is stili in the Court below for further action thereon ; and until that action be had, it cannot be removed, because of alleged error, into this Court. Suppose that on an inspection of the whole record, we should discover no error, what judgment could we render in respect to that part of the plaintiff’s costs which is yet the" subject of dispute in the Court below? Ought these to be included in or excluded from our judgment? Or should our judgment — whatever it might be in regard to this as yet undecided part of the controversy — be rendered subject to the correction of that Court? These are stated as some of the absurd consequences which would result from our regarding the judgment appealed from as a final judgment.
The cause is kept below professedly indeed for one purpose only — but nothing has been finally adjudged there. While the cause remains below, it is subject to the controul of that Court for all legitimate purposes. That Court may yet allow amendments — award a repleader — grant a new trial — and do any other matter in relation to the subject matter in controversy before it which any Court may lawfully do in regard to a cause before its final disposition.
*274 Our only proper course, we think, is to dismiss the appeal as premature.
,Per Curiam. Appeal dismissed.